UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sallie Thurber

    v.                                                               Civil No. 12-cv-245-PB

Bank of New York Mellon et al.[1]

**REPORT AND RECOMMENDATION**

    Before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e) and United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B), is the complaint (doc. no. 1), and addendum thereto (doc. no. 4), filed by pro se plaintiff, Dr. Sallie Thurber, DVM.  Plaintiff has also filed a motion for a temporary restraining order (doc. no. 3).  Both matters have been referred to the magistrate judge. See LR 4.3(d)(1)(B) (magistrate judge conducts preliminary review of pro se in forma pauperis pleadings); Order (doc. no. 5) (referring "Motion for Temporary Restraining Order" to magistrate judge).

---

[1]In addition to Bank of New York Mellon, defendants named in the complaint are: Mortgage Electronic Registration Systems, Inc.; Attorney Charles W. Gallagher; the New Hampshire Supreme Court; the State of New Hampshire; and the Merrimack County Sheriff's Department.

**Background**

This case arises out of a nonjudicial foreclosure sale affecting Dr. Thurber's home, and a subsequent eviction challenged by Dr. Thurber in state court. Mortgage Electronic Registration Services ("MERS") sent a notice to Dr. Thurber by certified mail, and published a notice in a newspaper in October 2009, regarding a scheduled foreclosure sale. The Post Office returned the certified mail envelope to MERS's counsel undelivered. The Bank of New York Mellon ("Bank") purchased the property at the public auction in November 2009. Dr. Thurber asserts that she learned about the sale after the fact from a federal agency after she inquired about federal mortgage relief programs.

The Bank instituted eviction proceedings in 2011. In April 2011, Dr. Thurber filed an action in state court challenging the eviction and the underlying foreclosure, claiming that she remained the lawful owner of the property, insofar as: she did not receive notice of the sale; the lack of notice deprived her of property without due process; and N.H. Rev. Stat. Ann. ("RSA") § 479:25, II (regarding notice required to effect foreclosure by sale), on its face and as applied to her, was unconstitutional. The state superior court rejected Dr.

Thurber's claims and granted summary judgment in favor of the Bank in October 2011.

Dr. Thurber sought further review of her claims in the New Hampshire Supreme Court ("NHSC").  In a series of decisions, the NHSC first ruled that it had discretion to decide whether to accept Dr. Thurber's appeal, see Bank of N.Y. Mellon v. Thurber, No. 2012-0125 (N.H. Mar. 22, 2012) (appeal of order issued in eviction action was discretionary), and then declined to accept an appeal in her case.  See id. (N.H. May 17, 2012) (order declining discretionary appeal).  Dr. Thurber moved for reconsideration in the NHSC, arguing that the Equal Protection Clause required the NHSC to accept her appeal, and that the state discretionary appeal procedure was unconstitutional.  On June 20, 2012, the NHSC denied Dr. Thurber's motion for reconsideration, and the NHSC mandate became effective on that date.  See id. (N.H. June 20, 2012) (order denying motion to reconsider).  Five days later, before filing her complaint in federal court, Dr. Thurber filed in the NHSC a motion to stay the mandate, and asked the NHSC to return copies of her appendix and other documents so that she could furnish a set to the United States Supreme Court, where she planned to petition for writ of certiorari.  Dr. Thurber contended in her motion to stay that the NHSC should withhold its mandate pending disposition of

her case by the United States Supreme Court, because, she claimed, her rights would otherwise be "lost or mooted if the mandate . . . [were] not stayed." Dr. Thurber further stated in the motion that she anticipated that her federal district court action and her petition to the United States Supreme Court would be successful if they were not mooted.

Dr. Thurber filed her federal district court complaint on June 28, 2012, after she had filed her motion to stay the NHSC's mandate and before the NHSC ruled on that motion.[2] See Compl. (doc. no. 1) (filed June 28, 2012). The court finds that in her federal court case, Dr. Thurber has asserted only the following claims, which are essentially the same as the claims she litigated in the state courts:

> 1. RSA § 479:25, II, on its face and as applied to Dr. Thurber, violated her right to due process under the Fourteenth Amendment, in that she did not receive notice before the foreclosure sale occurred, which deprived her of a property right without due process of law.
>
> 2. RSA § 479:25, II, as applied to Dr. Thurber, deprived her of her right to petition the government, to seek relief under federal mortgage relief programs, and her right to have access to the courts to challenge the foreclosure before such an action became precluded by the fact of the sale, insofar as the foreclosure sale occurred without her receipt of prior notice thereof.

---

[2]Thurber has filed in this case a copy of the July 12, 2012, NHSC order denying Dr. Thurber's motion to stay the NHSC's mandate. See Bank of N.Y. Mellon v. Thurber, No. 2012-0125 (N.H. July 12, 2012) (order denying motion to stay).

4

2. RSA § 479:25, II, on its face and as applied to Dr. Thurber, violated her right to equal protection under the Fourteenth Amendment, because relevant state laws, RSA § 540:13, III (evictions), and § 479:25, II (foreclosures), treat tenants facing eviction differently from mortgagees facing foreclosure with respect to the type of notice required, despite the lack of a rational basis for the distinction and its disproportionate impact upon poor persons who are likely to face eviction after foreclosure.

3. As a matter of fundamental fairness under the Fourteenth Amendment, the foreclosure sale, which was void due to the Bank's failure to comply with the notice requirements, could not form the basis of an eviction.

4. The NHSC discretionary review procedures violate the Equal Protection Clause by disproportionately disadvantaging a class of poor litigants (appellants in landlord/tenant or possessory actions under RSA § 540) by depriving them of the right to have the NHSC issue a decision on the merits of their claims, without any rational basis for allowing other litigants to file mandatory appeals.

Along with filing her complaint, Dr. Thurber also filed in this court a motion for preliminary injunctive relief (doc. no. 3), seeking to enjoin her eviction until this court rules on the merits of her federal constitutional claims.  Dr. Thurber asserts that the motion for preliminary injunctive relief can be resolved on the papers, without a hearing.  See Motion for Temporary Restraining Order (doc. no. 3), at 6.  Defendants have not been served with the complaint, and they have not appeared.

**Discussion**

I. <u>Preliminary Review</u>

   A. <u>Standard</u>

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>Sepúlveda-Villarini v. Dep't of Educ.</u>, 628 F.3d 25, 29 (1st Cir. 2010).

B.   Rooker-Feldman

The Rooker-Feldman doctrine, with certain exceptions such as habeas corpus, "precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party."  Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).  Rooker-Feldman applies in the limited circumstances when the losing party in state court files suit in federal court after the state court proceedings have ended, and seeks district court review and rejection of state court judgments.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 21 (1st Cir. 2005).  When Rooker-Feldman is applicable, the federal district court lacks subject matter jurisdiction to review the state court decision even if the judgment is wrong or was entered following patently unconstitutional proceedings.  See D.C. Ct. App. v. Feldman, 460 U.S. 462, 486 (1983).

To determine whether Rooker-Feldman applies, the court must consider whether the state proceedings ended before the federal case was filed.  The First Circuit has identified three situations in which the court should apply Rooker-Feldman: (1) when the state's highest court has issued a final decision on an appeal of a lower state court judgment, and nothing is left to

be resolved in the state courts; (2) when neither party seeks further review in the state courts, as, for example, when the time for a state supreme court appeal has expired; and (3) when the state court proceedings have finally resolved all federal questions in the case, but state law or purely factual questions may remain to be litigated in the state courts.  See Federación de Maestros, 410 F.3d at 25.  Once state court proceedings have ended, the parties may seek review of the state court judgments, if at all, in the United States Supreme Court, pursuant to 28 U.S.C. § 1257 (providing for certiorari jurisdiction over final state court judgments), but may not ask for review and rejection of those judgments in the federal district courts.  See Federación de Maestros, 410 F.3d at 25.

Here, the state court proceedings ended before Dr. Thurber filed this federal action.  The NHSC issued its final decision on the federal issues in Dr. Thurber's state court action on June 20, 2012, when it denied her motion to reconsider and issued its mandate.  In her motion to stay, which she filed after the NHSC issued its mandate, Dr. Thurber asked that the NHSC stay its mandate pending disposition of her federal claims in the United States Supreme Court, and that the NHSC return documents to her so that she could furnish those documents to the United States Supreme Court.  She did not ask the NHSC to

reconsider its judgment on her federal claims; nor could she, as a matter of state law. NHSC rules effectively preclude the filing of consecutive motions for reconsideration in that court. See NHSC Rule 22(5). NHSC Rule 24(4) further provides that "[p]leadings filed after the mandate has issued may be not be considered or acted upon by the court."

Moreover, the claims at issue here are essentially the same as those raised in the state courts. Dr. Thurber is seeking district court review and rejection of prior state court rulings as to the notice she received; the validity of RSA § 479:25, II, regarding foreclosure sales; and NHSC Rule 7, regarding mandatory appeals. The superior court, in granting the Bank's motion for summary judgment and in denying Dr. Thurber's motion for reconsideration, rejected Dr. Thurber's due process, equal protection, right of access, and right to petition challenges to the state statute. Dr. Thurber's claims and her constitutional challenge to the NHSC's discretionary review procedures were presented to the NHSC in her notice of discretionary appeal and motion for reconsideration, and were effectively denied by that court when the NHSC denied her motion for reconsideration of its order declining to accept her appeal. The Rooker-Feldman doctrine applies in these circumstances. Therefore, the court

should dismiss the complaint (doc. no. 1) for lack of subject matter jurisdiction.

## II. **Preliminary Injunction**

Because, as explained above, the Rooker-Feldman doctrine applies in this case, the court lacks subject matter jurisdiction. Therefore, the motion for a temporary restraining order (doc. no. 3) should be denied. Cf. Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("'The sine qua non of this . . . inquiry [for determining whether to grant preliminary injunctive relief] is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed . . . the remaining factors become matters of idle curiosity.'" (quoting New Comm Wireless Servs. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002))); Largess v. Sup. Jud'l Ct. for Mass., 317 F. Supp. 2d 77, 81 (D. Mass.) (test applied to motion for temporary restraining order is same as that applied to motion for preliminary injunction), aff'd, 373 F.3d 219 (1st Cir. 2004).

## Conclusion

The district judge should deny the motion for a temporary restraining order (doc. no. 3), and dismiss the case for lack of

subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 18, 2012

cc: Sallie Thurber, pro se

LBM:nmd